ORIGINAL

# In the United States Court of Federal Claims

No. 15-1416C
(Filed December 4, 2015)
NOT FOR PUBLICATION

FILED

DEC - 4 2015

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DAVID MERRILL,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On November 30, 2015, one week from receipt of plaintiff's complaint, the Clerk's office received a document from plaintiff, entitled "Motion for Injunction/Refunding of Account." The document was not filed at that time, due to plaintiff's, understandable, failure to comply with several rules of our court. Pursuant to the Rules of the United States Court of Federal Claims (RCFC), plaintiff is required to include the file number in the case caption. RCFC 10(a). Filings must also include the judge's name. RCFC 5.5(g). As this motion was dated November 21, 2015, two days before the Clerk's office received his complaint, plaintiff's failure to properly caption the complaint is reasonable. He could not have known to which judge his case was assigned or his file number.

Additionally, while Mr. Merrill's signature on this motion is unconventional and involves his fingerprint and a string of illegible characters, we have already treated that same demarcation as a signature for purposes of filing plaintiff's complaint. *See* Compl. at 31. Mister Merrill appears to consistently use that mark as his signature. *See* Compl. 34, 57, 91. As such, the court will consider this mark as his signature for purposes of satisfying RCFC 11 and 83.1(c)(2).

Plaintiff is also required to provide proof of service of written motions on every party. RCFC 5(a)(1)(D). Plaintiff's failure to serve his motion on Mr. Upton, the Department of Justice attorney assigned to this matter, is excusable. Mister Upton had not entered his appearance in the case until December 3, thirteen days

after this motion was dated. The Clerk's office is directed to send a copy of Mr. Merrill's motion to Mr. Upton.

Mister Merrill also included with his motion three stamped envelopes addressed to Hanes and Bartels, LLC; Catherine Anne Seal; and Shannon Moore. Each one included a copy of his motion. Plaintiff may have intended the Clerk to mail the envelopes and included them as proof of service. All that the Court needs for proof of service, however, is a certificate of service explaining that *plaintiff* has mailed such documents. *See* RCFC 5.3. Accordingly, the Clerk's office is directed to return to Mr. Merrill the three envelopes he included with his motion. Plaintiff, as a pro se litigant, may have been unfamiliar with the rules of our Court. He should acquaint himself with our rules, located at http://www.uscfc.uscourts.gov/rules-and-forms.

Taking into consideration Mr. Merrill's self-representation, the Court directs the Clerk's office to file the document. The Court **DENIES** plaintiff's motion. Neither the Fourth Judicial District Court of the state of Colorado nor Wells Fargo are parties to this matter. This court has jurisdiction over non-tort claims for money damages against the federal government. 28 U.S.C. § 1491. Parties other than the United States government can become parties to lawsuits in our court only through their consent, either by bringing an action as a plaintiff or intervening in a case. Since neither party named in plaintiff's motion is a party to this proceeding, the motion seeks an injunction that this court is powerless to issue.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge