**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1416C
(Filed December 8, 2015)

FILED

DEC - 8 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                *
DAVID MERRILL,                  *
                                *
                                *
            Plaintiff,          *
                                *
       v.                       *
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
                                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### ORDER

On December 4, 2015, the Clerk's office received two documents from plaintiff. Neither were filed at that time, due to plaintiff's failure to provide proof of service and because the documents were not in a recognizable form for filing. Concerning the first defect, under Rule 5 of the Rules of the United States Court of Federal Claims (RCFC), plaintiff must provide proof of service of filings on every party. RCFC 5(a)(1)(D). Plaintiff failure to do is excusable, however, as Mr. Upton, the Department of Justice attorney assigned to this matter, had not yet entered his appearance at the time the documents were submitted. For the future, plaintiff is reminded to serve on government counsel a copy of all documents he submits for filing, and to include with such submissions the required certificate of service.

The first document was entitled "Request for Order." It appears to be a motion for leave to file a document previously submitted by plaintiff, presumably the document entitled "Motion for Injunction/Refunding of Account." The Clerk's office is directed to file plaintiff's "Request for Order" as a motion for leave to file the previously-submitted document. As the Court already issued an order, on December 4, 2015, directing that the injunction motion be filed, plaintiff's request for an order filing that document is **DENIED-AS-MOOT**.

The second unfiled document was composed of a "Notice of Misdeed," a criminal complaint, a Custer County Assessor's Office record, and receipts relating to a document recorded with the Custer County Clerk. A version of the "Notice of

Misdeed" and criminal complaint appeared in plaintiff's complaint at pages 32–35. The Clerk is directed to file this document as a status report.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge