# In the United States Court of Federal Claims

No. 15-1416C
(Filed December 9, 2015)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
DAVID MERRILL,                      *
                                    *
                                    *
              Plaintiff,            *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
DEC - 9 2015
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On December 8, 2015, the Clerk's office received two submissions from plaintiff. Neither was filed at that time, because the documents were not in a recognizable form for filing. One mailing contained a document that purportedly orders the Clerk to file it and the accompanying materials. It is a confusing document, as it is addressed to the Clerk but also discusses a private party, Wells Fargo, in the second person. The document includes an order from the U.S. District Court for the District of Colorado, the envelope which apparently contained this order, and yet another copy of Mr. Merrill's criminal complaint. Enclosed with this document were a copy of letters from Wells Fargo and state court forms relating to garnishments from plaintiff's bank accounts, across which he wrote "Refusal for Cause." Plaintiff should take note, for future submissions, that he has no authority to order our Clerk to file any document. He must follow the Rules of the United States Court of Federal Claims (RCFC), and must move for court orders under RCFC 7(b). Although Mr. Merrill failed to move for leave to file this submission, in light of his *pro se* status, the Court will allow it to be filed. Since it is not clear whether plaintiff was attempting to amend his complaint with these additional materials, they will be collectively considered as a status report and the Clerk is directed to file them as such.

The other submission is a peculiar document, in which Mr. Merrill appears to take exception to the printing of "SO HELP ME GOD" using small capital letters, instead of lowercase letters, on the certificate memorializing the oath of office taken by the undersigned. Plaintiff's idiosyncratic interpretation of the use of capital

letters makes no sense, as the Court cannot see how the typeface used changes the meaning of the phrase, and his paper suffers from the aforementioned defect of purporting to order our Clerk to file it in the absence of a motion seeking leave. As this document has no relevance to the case filed by Mr. Merrill, the Clerk shall return it to plaintiff. To avoid wasting the time of the Court and its staff, plaintiff should confine his submissions to papers that are material, relevant, and pertinent to his case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge