**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID MERRILL, | ) ) ) | |
| Plaintiff, | ) ) | **FILED** |
| v. | ) No. 15-1416C ) Judge Wolski | **FEB 18 2016** |
| THE UNITED STATES, | ) ) ) | U.S. COURT OF FEDERAL CLAIMS |
| Defendant. | ) ) ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY DISMISSAL OF *PRO SE* COMPLAINT

Pursuant to Rules 7.2(b)(2), 12(b)(1), and 12(b)(6) of the United States Rules of the Court of Federal Claims (RCFC), defendant, the United States, respectfully replies to *pro se* plaintiff David Merrill's response to our motion for summary dismissal (Response or Resp.). For the reasons given in our initial brief and those set forth below, Mr. Merrill's *pro se* Complaint[1] must be dismissed.

First, a large part of Mr. Merrill's response focuses upon the oaths of office of the judges both presiding over the above-captioned matter and the related matter in Colorado State Court, *Bishop, et. al v. Merrill, et. al*, No. 2015-cv-31641 (C.O. Dist. Ct., El Paso County). *See generally* Resp. In his response, Mr. Merrill makes no meaningful attempt to refute our legal arguments, which establish that the claims he asserts in his Complaint as well as the relief he requests in his conclusion plainly lie outside of this Court's jurisdiction, as this Court has already noted. Order, Dec. 10, 2015, ECF No. 11. Instead, Mr. Merrill merely reiterates his insistence

---

[1] Use of the capitalized "Complaint" refers to Mr. Merrill's Complaint in the above captioned matter, filed November 23, 2015 (ECF No. 1). Use of the lowercase "complaint" refers to a complaint filed against Mr. Merrill in a related matter in Colorado State Court, *Bishop, et. al v. Merrill, et. al*, No. 2015-cv-31641 (C.O. Dist. Ct., El Paso County).

that this Court is the "proper forum to hear this matter," adding that "since Mr. WOLSKI is not a judge, this matter in only an evidence repository for testimony and evidence." Resp. at 10 (capitalization in original). Despite Mr. Merrill's insistence, this Court is not the proper forum for Mr. Merrill's claims.

As addressed in our opening brief, this Court does not possess jurisdiction to entertain Mr. Merrill's claims against various judges and magistrates, *Jiron v. United States*, 118 Fed. Cl. 190, 198-99 (2014) ("It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims."); *Kurt v. United States*, 103 Fed. Cl. 384, 386 (2012) (dismissing, for lack of jurisdiction, plaintiff's claims against "the state of Missouri, the Missouri judiciary . . . and various unnamed judges of the state of Missouri")); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (explaining that "the only proper defendant for any matter before [the United States Court of Federal Claims] is the United States, not its officers, nor any other individual"); *Moore v. Pub. Defenders Office*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."), or to review the decision of those various judges and magistrates. *Burlison v. United States*, 75 Fed. Cl. 736, 741 (2007) ("Only the United States Supreme Court may review final judgments entered by state courts.") (citing 28 U.S.C. § 1257); *see also Potter v. United States*, 108 Fed. Cl. 544, 548 (2013) ("This Court, like all lower federal courts, lacks authority to review a state court's judgments, nor does it have the authority to remedy injuries that are caused by a state court's order."); *accord Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").

Second, Mr. Merrill's breach of contract allegations remain insufficient to invoke Tucker Act jurisdiction, *Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1434 (Fed. Cir. 1998); *Peninsula Grp. Capital Corp. v. United States*, 93 Fed. Cl. 720, 731 (2010); *Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997), as do any of Mr. Merrill's remaining allegations or fleeting references to claims of "trespass and tort." 28 U.S.C. § 1491(a)(1).

Third, as explained in our opening brief and re-affirmed by the substance of Mr. Merrill's response, his allegations are plainly frivolous and should be dismissed for that reason alone. *Wickliffe v. United States*, 102 Fed. Cl. 102, 108-09 (2011); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *Moden v. United States*, 404 F.3d 1335, 1341–42 (Fed. Cir. 2005).

Fourth, Mr. Merrill has still failed to allege facts sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As we noted in our opening brief, a Colorado State Court has already found that "'CASTLE CHURCH – For the Redemption of the Office BISHOP' is not a trust, [it] is a nonexistent, fictitious entity." A26. Without a valid trust, there can be no breach of trust. Accordingly, Mr. Merrill has failed to state a claim for breach of trust, or for any claim for that matter, for which relief may be granted.

## CONCLUSION

For the foregoing reasons and for the reasons stated in our moving brief, we respectfully request that the Court grant our motion and summarily dismiss Mr. Merrill's Complaint.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

                                        ROBERT E. KIRSCHMAN, JR.
                                        Director

                                        FRANKLIN E. WHITE, JR
                                        Assistant Director

                                        RUSSELL J. UPTON
                                        Trial Attorney
                                        Commercial Litigation Branch
                                        Civil Division
                                        Department of Justice
                                        P.O. Box 480
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone:  (202) 305-3634
                                        Facsimile:  (202) 514-7965
                                        russell.j.upton@usdoj.gov

February 18, 2016                          Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February 2016, I caused to be delivered by first-class mail, postage prepaid, a copy of the foregoing "Defendant's Reply to Plaintiff's Response to Defendant's Motion For Summary Dismissal Of *Pro Se* Complaint" as follows:

        David Merrill
3355 North Academy Boulevard, #189
Colorado Springs, C.O.  80917-5103

                                  RUSSELL J. UPTON