**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1416C
(Filed August 19, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
DAVID MERRILL,                                 *
                                               *
                                               *
                    Plaintiff,                 *
                                               *
        v.                                     *
                                               *
THE UNITED STATES,                             *
                                               *
                    Defendant.                 *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
AUG 19 2016
U.S. COURT OF FEDERAL CLAIMS

## ORDER

On November 23, 2015, plaintiff David Merrill filed a 110 page complaint. In it, Mr. Merrill claimed that "the United States [is] liable to Pay Me, David Merrill damages and settle bills in lawful money accrued by pretend and actual judicial officers in Colorado." Compl. at 11. Mister Merrill alleged that Judges Prudek and Gilbert, two Colorado State Court judges, have falsified their oaths of office and failed to satisfying their bonding requirements. *Id.* at 15. Relief is sought based on some sort of agency relationship theory and specifically based on "malfeasance by the United States as principal for allowing corruption to decay the judiciary here in Colorado." *Id.* at 22. As relief, he sought payment of Judge Prudek's "acting fees bill for $2,000,000.00" and relief from a contempt of court proceeding. *Id.* at 30. Plaintiff requested: "[t]he United States should take immediate action to correct the bonding process in the State of Colorado starting by awarding me $22,087,239.11 and the two Letters Testamentary as requested." *Id.*

The government moved to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC) because, respectively, this Court lacks subject-matter jurisdiction and plaintiff failed to state a claim upon which relief could be granted. Def.'s Mot. at 1. While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), defendant is correct that plaintiff has failed to state a claim within this court's jurisdiction.

USPS TRACKING # 9114 9999 4431 3548 1335 96
& CUSTOMER RECEIPT
For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

"It is well settled that the United States is the only proper defendant in the Court of Federal Claims." *Jiron v. United States*, 118 Fed. Cl. 190, 198–99 (2014) (citing *Kurt v. United States,* 103 Fed. Cl. 384, 386 (2012). Plaintiff's theory seems to be that the State of Colorado is an agent of the United States and thus is responsible and ultimately liable for Colorado's allegedly improper judicial bonding process. Compl. at 12, 30. Colorado is, however, a separate sovereign and is not an agent of the United States. *Heath v. Alabama*, 474 U.S. 82, 89 (1985). The United States does not have an agency relationship with the state of Colorado or the Colorado judiciary. Thus, plaintiff has failed to state a claim against the United States or federal officials that would fall within this Court's jurisdiction.

To the extent then that one can construe plaintiff's complaint as requesting review of the decisions of Judges Prudek and Gilbert regarding Colorado Case No. 2015CV31641 and the alleged "CASTLE CHURCH – For the Redemption of the Office Bishop," the Court lacks jurisdiction. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court lacks jurisdiction over plaintiff's tort actions. 28 U.S.C. § 1491(a)(1). Additionally, in his complaint, plaintiff has failed to plead the elements of a contract with the federal government, such as offer, acceptance, or consideration. *See Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997).

The government's motion to dismiss this case is accordingly **GRANTED**, under RCFC 12(b)(1), for failure to state a claim within this court's jurisdiction. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge